[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Margaret M. Contois, age 35, whose maiden name was Margaret M. Gorman, and the defendant, Herbert J. Contois, age 38 were married at Watertown, Connecticut on November 13, 1992. There are two minor children issue of the marriage, Kristen Elizabeth, born March 15, 1983 and Katie Rose, born March 7, 1992.
The marriage has broken down irretrievably. The parties separated March 1, 1997 and the defendant is now living with another woman Danielle Descotezux. The main cause of the breakdown has been excessive drinking on the part of the defendant which has interfered with his work habits and dealing with the family.
For a number of years, the defendant worked two jobs including one as a bartender earning an additional $300.00 per week. He no longer works an extra job but is employed as a data collector earning $360.00 per week with a net of $330.00. He is a qualified carpenter but not employed in that line of work at the present time. The plaintiff is a hard working individual employed at the Litchfield Country Club as the dining room manager earning $352.00 per week with a net of $261.00.
On May 5, 1997, the parties entered into an agreed upon support order of $250.00 per week. The defendant is presently in arrearage of $2,075.00.
The children reside with the plaintiff the defendant has sporadic visitation. His relationship with the younger child is favorable but with the older daughter is not.
Based upon the evidence and the provisions of general statutes 46b-81, the Court finds that the marriage has broken down irretrievably and that the following orders enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. The plaintiff or the defendant shall have sole legal and physical custody of the minor children, and the defendant shall have rights of reasonable, flexible visitation as determined by the parties.
3. The defendant shall pay the sum of $224.00 per week of child support; and, in addition thereto, he shall pay $25.00 on an arrearage of $2,075.00. CT Page 1588
4. The plaintiff shall provide medical insurance for the benefit of the minor children as available through her employment; and both parties shall pay one-half of the children's unreimbursed medical, dental, optical, orthodontic, prescription expenses including the out-of pocket payment for the medical insurance, if any.
5. Each party shall maintain life insurance as available through their employment naming the children as irrevocable beneficiaries until each child reaches age 23.
6. The defendant shall pay to the plaintiff $1.00 per year for a period of five years modifiable based upon the defendant's earnings, including earning capacity, and the debt indemnification. The defendant shall furnish the plaintiff a financial affidavit every six months showing income and shall notify her within thirty days of obtaining additional employment.
Judgment may enter accordingly.
Hon. Walter M. Pickett, Jr. Judge Trial Referee